# Deposits for Opening of Ballot-Boxes, City of Reading.

*Elections—Petitions to recount vote—Deposit—Fraud or substantial error —Return of money deposited—Act of April 23, 1927.*

1. The Act of April 23, 1927, P. L. 360, provides that each petition for the opening of ballot-boxes and the recount of the vote shall be accompanied by a deposit of $50. The act provides that such deposits shall be repaid to the petitioner if the court shall certify to the prothonotary that fraud or substantial error was committed in the computation of the vote cast on the ballots in the several boxes or fraud in the marking of the ballots contained therein or otherwise in, connection with such ballots.

2. With regard to the precincts that showed no error and in which the recount agreed exactly with the return, the court declared the deposits forfeited.

3. With regard to the precincts where the recount showed error in the original return ranging from one to seventy-five votes, the court certified fraud or substantial error in the returns and directed the deposits to be returned to the petitioner, the election having been close, the apparent plurality of the original return showing a difference of sixty-three votes and the plurality changing from one candidate to the other as the ballot-boxes were opened. Under such conditions, any error in the return for any precinct must be regarded as substantial.

Petition to open ballot-boxes. C. P. Berks Co., Nov. T., 1927, Nos. 189 to 246.

*George Eves,* for Kershner; *Harry W. Lee,* for Hoverter.

SCHAEFFER, P. J., Dec. 21, 1927.—The returns by the several election boards of the City of Reading for the general election held on Nov. 8, 1927, showed that for the office of City Treasurer Mr. Hoverter had received an apparent plurality of sixty-three votes over the Democratic candidate, Mr. Kershner,

and a few more over Mr. Reider, the Republican candidate. Thereupon, but before the computation and canvassing of the returns had been completed by the return judges, petitions under the Act of April 23, 1927, P. L. 360, were from time to time presented to the court, praying for the opening of ballot-boxes and the recount of the vote. In this manner the ballot-boxes of all of the fifty-eight election precincts of the city were opened and the votes recounted by persons representing the three political parties, who had been designated by the court for that purpose, with the result that Hoverter's apparent plurality diminished and then turned into a small apparent plurality for Kershner. As the recount progressed, the plurality either way was often less than ten votes. After fifty-five boxes had been opened and recounted, Kershner had an apparent lead of one vote over Hoverter, and Hoverter but a few hundred over Reider. The fifty-sixth box, being that which contained the ballots cast in the 1st precinct of the 17th Ward, upon recount, showed that Hoverter had there been credited by the election board with seventy-three more votes than he had actually received. The remaining two boxes increased Kershner's plurality to eighty-six.

In accordance with the provisions of the act, each petition was accompanied by a deposit of $50. It now becomes our duty to certify to the prothonotary whether or not "fraud or substantial error was committed in the computation of the vote cast on the ballots" in the several boxes, or "fraud in the marking of the ballots contained therein, or otherwise, in connection with such ballots." Section 3 of the act declares that where the existence of fraud or substantial error is found and thus certified, the prothonotary shall return to the petitioners the sum of $50 deposited; and section 4 provides that in cases where it shall not appear that fraud or substantial error was committed, the persons upon whose petition the ballot-box shall have been opened shall forfeit to the county said sum of $50.

In two precincts, to wit, the 1st of the 7th Ward and the 1st of the 13th Ward, no error of any kind appeared. The recount agreed exactly with the return. Hence, the deposits accompanying the petitions in those cases must be declared forfeited.

In the remaining fifty-six precincts, the error in the return varied from one vote in seven precincts to seventy-five votes in the 1st precinct of the 17th Ward. In thirteen returns the error amounted to ten or more votes. In seven precincts, the difference was but one; in five, it was two; in six, it was three; in seven, it was four; and in the remaining fifteen, from five to nine.

Whether an error in a return must be regarded as substantial or not, it would seem, would be dependent upon the circumstances. An error of ten votes in the return of one precinct of a municipality which gave an apparent majority of 50,000 votes and upwards could not be held to be real and substantial. In the face of such majority, such error could have no appreciable effect upon the general result. But where, as in our case, the three candidates for an office receive almost the same number of votes, and where the plurality of the highest is less than a hundred over his nearest competitor, and where, as the recount progresses, that plurality hovers, until the third to last box is opened, around zero, any error may well be substantial. During this recount the apparent plurality shifted from time to time between Hoverter and Kershner, and each single vote became of real and substantial importance. In view of this fact, notwithstanding that the great error in the 1st precinct of the 17th Ward was decisive, we must hold that substantial error has appeared in the return of each precinct, excepting only the 1st precincts of the 7th and 13th Wards.

Deposits for Opening of Ballot-Boxes, City of Reading.

And now, to wit, Dec. 21, 1927, the court hereby certifies unto Nelson L. Rothermel, prothonotary, that upon opening the ballot-boxes of the 1st precinct of the 7th Ward and the 1st precinct of the 13th Ward and recounting the votes upon the ballots therein contained, no fraud or substantial error within the meaning of the act of assembly appeared; and the sum of $50 deposited with the prothonotary at the time of filing the petitions praying for the opening of said ballot-boxes is declared forfeited, and said sums are directed to be paid to the county treasurer. And the court hereby certifies that fraud or substantial error within the meaning of the act of assembly does appear from the recount of the ballots contained in the ballot-boxes of the remaining fifty-six precincts of the City of Reading; and the sums of $50 deposited by the respective petitioners in said other fifty-six precincts are hereby directed to be returned to said petitioners.

From Charles K. Derr, Reading, Pa.